NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2424
_____

STAR INSURANCE COMPANY,
                                        Appellant

v.

REGINELLA CONSTRUCTION COMPANY LTD.;
REGINELLA CONSTRUCTION COMPANY INC.,
individually and trading and doing business as
Reginella Construction Company;
JOSEPH A. REGINELLA; DONNA M. REGINELLA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-12-cv-01195)
Honorable Terrence F. McVerry, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
February 7, 2017

BEFORE:  MCKEE, COWEN, and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed: April 14, 2017)
_____

OPINION*
_____

_____

*This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, <u>Circuit</u> <u>Judge</u>.

Plaintiff Star Insurance Company ("Star") appeals from the order entered by the United States District Court for the Western District of Pennsylvania granting the motion to dismiss filed by Defendants Reginella Construction Company LTD, Reginella Construction Company, Inc., Joseph Reginella, and Donna Reginella.  We will affirm.

I.

Star, a company that issues surety bonds, entered into a General Indemnity Agreement with "Reginella Construction Company LTD 4700 McKnight Road Pittsburgh, PA 15237" (as the Principal) and the Reginellas (as individual Indemnitors). The duty to indemnify under this general agreement "[a]pplies to each and every Bond Issued or procured for or requested by the Principal (or any Indemnitor acting on behalf of the Principal)."  (JA33.)  The Board of Public Education of the School District of Pittsburgh executed a contract for construction and renovations at Concord Elementary School.  This contract specifically stated that the agreement was made and entered by and between "the BOARD OF PUBLIC EDUCATION OF THE SCHOOL DISTRICT OF PITTSBURGH, PA., a quasi-municipal corporation with offices located at 341 South Bellefield Avenue, Pittsburgh, PA 15213, hereinafter referred to as the Owner, and **Reginella Construction Company**, (a corporation), with offices located at 4700 McKnight Road, Pittsburgh, PA 15237, hereinafter referred to as the Contractor." (JA63.)  Star, in turn, issued performance and payment bonds for the project.  These bonds were issued to "Reginella Construction Company, 4700 McKnight Road, Pittsburgh, PA 15237, a contractor," and they expressly incorporated the terms of the

2

construction contract ("WHEREAS, The Contractor has by written agreement dated February 25, 2009, entered into a contract with the School District for New Building Addition / Renovations at Concord Elementary School which contract is incorporated by reference thereto, and is hereinafter referred to as the Contract." (JA41, JA43)).

After allegedly receiving claims under these bonds, Star filed this litigation, naming as defendants Reginella Construction Company LTD, Reginella Construction Company, Inc. (individually and t/d/b/a Reginella Construction Company), and the Reginellas. In Star's amended complaint, it asserted five counts: (1) contractual exoneration and indemnification; (2) implied-in-law exoneration and indemnification (against Reginella Construction Company LTD and Reginella Construction Company, Inc.); (3) conversion (against the Reginella entities); (4) breach of contract; and (5) declaratory judgment. Defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Granting their motion, the District Court dismissed the amended complaint with prejudice. See Star Ins. Co. v. Reginella Constr. Co., Ltd., No. 2:12-cv-01195, 2013 WL 1687854 (W.D. Pa. Apr. 13, 2013).

II.

We begin with the contractual claims.[1] The District Court rejected these claims because, on the one hand, the General Indemnity Agreement only applied to bonds issued

---

[1] The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over a district court's order granting a motion to dismiss for failure to state a claim upon which relief can be granted. See, e.g., Fowler v. UPMC, 578 F.3d 203, 206 (3d Cir. 2009). "To survive a motion to dismiss, a complaint

3

to Reginella Construction Company LTD, while, on the other hand, Reginella Construction Company, Inc., was party to the construction contract and the bonds at issue in this case. "The [District] Court finds and rules that there appears to be no ambiguity regarding the named party to the Contract"—the construction contract referred to a "corporation" yet "[i]t is not disputed that Reginella Ltd is a limited partnership." Star, 2013 WL 1687854, at *3. Characterizing the "corporation" language as boilerplate, Star contends that the District Court erred by finding no ambiguity "regarding the party named in the contract." Appellant's Brief at 24 (emphasis omitted). We further acknowledge that Reginella Construction Company LTD (and not Reginella Construction Company, Inc.) was registered at 4700 McKnight Road.

However, "a contract that is unambiguous on its face must be interpreted according to the natural meaning of its terms, unless the contract contains a latent ambiguity." Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc., 247 F.3d 79, 96 (3d Cir. 2001). "[A] claim of latent ambiguity must be based on a 'contractual hook': the proffered extrinsic evidence must support an alternative meaning of a specific term or terms contained in the contract, rather than simply support a general claim that the parties meant something other than what the contract says on its face. In other words, the

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Black v. Montgomery County, 835 F.3d 358, 364 (3d Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While conclusory allegations must be set aside, well-pleaded facts are to be accepted as true, and the complaint must be construed in the light most favorable to the plaintiff. See, e.g., Fowler, 578 F.3d at 210-11.

We grant Defendants leave to file a sur-reply brief.

4

ambiguity inquiry must be about the parties' 'linguistic reference' rather than about their expectations." Id. (quoting Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 614 (3d Cir. 1995)). Applying these principles, we agree with Defendants that Star's attempt to identify a latent ambiguity here is without merit because there is no contractual hook. "Just as 'Ten' is not 'Twenty,' a 'corporation' cannot mean 'a limited partnership.'"[2] Appellees' Sur-Reply Brief at 5 (citing Mellon Bank, N.A. v. Aetna Bus. Credit, 619 F.2d 1001, 1013 (3d Cir. 1980) ("For example, extrinsic evidence may be used to show that 'Ten Dollars paid on January 5, 1980,' meant ten Canadian dollars, but it would not be allowed to show the parties meant twenty dollars.")).

Star next turns to his implied-in-law exoneration cause of action. It acknowledges that "[i]n all cases where a court of equity has ordered exoneration, however, the obligation of the surety has been made absolute." Appellant's Brief at 27. For support, Star cites to Great Am. Ins. Co. v. Geris, 3 Pa. D. & C. 4th 211 (Ct. Com. Pl. 1987), aff'd, 541 A.2d 1157 (Pa. Super. Ct. 1988) (unpublished table decision), a state trial court ruling that is directly on point. In that case, AGI and Forest Builders obtained a performance bond in connection with a contract between AGI and the Commonwealth of Pennsylvania for highway and bridge work. . The Commonwealth commenced a civil

---

[2] While it determined that a number of documents could be considered in disposing of this motion to dismiss, the District Court refused to take into account other materials on the grounds that they were not matters of public record, were not referenced in the amended complaint, and were not essential to Star's claims. Star takes issue with its failure "to consider a contract between Kishmo Inc. and ReginellaLtd." Appellant's Brief at 23 (citing JA10, JA202-JA213). However, the District Court did not commit any reversible error in its assessment of the various documents submitted for its consideration (especially where it is undisputed that Star never informed the District Court that this contract was attached to a state court pleading).

action against Great American, claiming that Great American caused damages by refusing to perform its obligations under the bond, which obligations arose as a result of the alleged breach by AGI of the construction contract. Id. at 214. Great American then filed a complaint against Forest Builders, AGI, and Anthony and Kathryn Geris (who were individual indemnitors) for, among other things, exoneration. Id. The state trial court dismissed the exoneration claim because there was no absolute obligation upon Great American to pay to the Commonwealth the money the Commonwealth sought in its lawsuit. Id. at 215-26. Specifically, the surety's complaint merely claimed that the transportation department commenced a civil action against Great American "*alleging*" that it was damaged as a result of Great American's alleged refusal to perform its obligations under the performance bond—which arose as a result of AGI's "*alleged*" breach of its contract with the Commonwealth. Id. at 221-22. Accordingly:

> From this paragraph we may infer only that an action has been filed against plaintiff by the commonwealth, which action makes allegations concerning both the performance bond and the underlying contract between AGI and the commonwealth. We can draw no conclusions as to either the alleged breach of contract by AGI or the alleged refusal of plaintiff to perform its obligations as required by the performance bond. There are no facts alleging that plaintiff's obligation to perform has become absolute; no facts are alleged which state that any debt is now payable by plaintiff. At the time this suit was filed, the creditor, the commonwealth, had no vested right which it could assert against either the principal, AGI Inc., or the plaintiff surety. Both the principal and the surety have the opportunity to raise defenses against the claims of the commonwealth, and until those issues are resolved and the principal's liability to the commonwealth is determined, either by judgment, admissions, or agreement between the parties, the plaintiff's obligation is not absolute. The remedy of exoneration is unavailable to plaintiff in this action under the facts as set forth by plaintiff; count II of plaintiff's complaint was properly dismissed.

6

Id. at 222 (footnote omitted). In the end, like Great American, Star did not allege "that the principal has defaulted, admitting liability and the extent of the damages, nor does plaintiff allege that it is obligated under the bond to pay the [obligees], nor does plaintiff allege that it admits the allegations of the complaint filed against it by the [obligees]."[3] Id. at 222 n.4.

Finally, the District Court appropriately disposed of the remaining claims against Defendants. With respect to the cause of action for implied-in-law indemnification, Star did not allege that it actually paid any damages to a third party. See, e.g., Rubin Moss Heany & Patterson v. Kennel, 832 F. Supp. 922, 931 (E.D. Pa. 1993) (stating that, to establish indemnity claim, plaintiff must show that, inter alia, it paid damages to an injured third party), abrogated on other grounds by In re Lemington Home for the Aged, 777 F.3d 620 (3d Cir. 2015). Because it did not plausibly allege that it had actual or constructive possession, or a right to immediate possession, of the property at the time of conversion, Star failed to state a cognizable claim of conversion.[4] See, e.g., Potts Run Coal Co. v. Benjamin Coal Co., 426 A.2d 1175, 1178 (Pa. Super. Ct. 1981).

III.

For the foregoing reasons, we will affirm the District Court's order.

---

[3] In its reply brief, Star relies on the Pennsylvania Commonwealth Court's decision in Almi, Inc. v. Dick Corp., 375 A.2d 1343 (Pa. Commonw. Ct. 1977). However, the Almi court specifically considered "the right of [the surety] in the face of the garnishment to set off [the principal's] funds against its obligation to the [obligee] as surety on [the principal's] notes." Id. at 1348. In addition, the obligee confessed judgment against both the principal and the surety. Id. at 1347.

[4] Given the amended complaint's legal deficiencies (and Star's failure to indicate that it could remedy these deficiencies), the District Court appropriately denied "leave to amend as it would be futile." Star, 2013 WL 1687854, at *7.